Irene Karbelashvili, State Bar Number 232223
LAW OFFICE OF IRENE KARBELASHVILI
12 South First Street, Suite 413
San Jose, CA 95113
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for SHELBY GAIL HEIFETZ, Plaintiff

* *Defendants and their counsel are listed after the caption*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELBY GAIL HEIFETZ,<br>    Plaintiff,<br><br>vs.<br><br>HEALTH & TASTE INVESTMENT GROUP, LLC, a California limited liability company d/b/a THE ORIGINAL PANCAKE HOUSE; RODRIGUES HOLDINGS, LLC, a California limited liability company; GARY E. RODRIGUES, an individual; and DOES 1-10, Inclusive,<br>    Defendants. | Case No. 4:15-cv-01780-KAW<br><br>**CONSENT DECREE AND ORDER** |

Brian K. Nagatani, State Bar Number 208632
HIXSON NAGATANI LLP
4655 Old Ironsides Drive, Suite 420
Santa Clara, CA 95054
Telephone: +1.408.486.9955
Facsimile: +1.408.727.6617
Attorneys for Defendant,
HEALTH & TASTE INVESTMENTS GROUP, LLC

Neil Turner Medeiros, State Bar Number 256734
Buchman Provine Brothers Smith LLP
2033 N Main St., Suite 720
Walnut Creek, Ca 94596

Telephone: 925-944-9700
Fax: 925-944-9701
Attorneys for Defendants,
RODRIGUES HOLDINGS, LLC
and GARY E. RODRIGUES

1. On April 20, 2015 SHELBY GAIL HEIFETZ ("Plaintiff") filed a Complaint in this action, and on January 20, 2016, Plaintiff filed a First Amended Complaint. Plaintiff alleges that Defendants HEALTH & TASTE INVESTMENT GROUP, LLC, a California limited liability company d/b/a THE ORIGINAL PANCAKE HOUSE; RODRIGUES HOLDINGS, LLC, a California limited liability company; and GARY E. RODRIGUES, an individual (collectively "Defendants"), violated Title III of the ADA; sections 51, 52, 54, 54.1, and 54.3 of the California Civil Code; sections 19955 *et seq.* of the California Health & Safety Code; and sections 17200, *et seq.* and 17500 *et seq.* of the California Business and Professions Code by failing to provide full and equal access to their facilities at or about 2059 Contra Costa Blvd in Pleasant Hill, California 94523 ("Subject Property").

2. Defendants at all times denied any violation of law and nothing in this Consent Order constitutes an admission by Defendants of any violation of Title III of the Americans with Disabilities Act, its enabling regulations, California state law, or of any of the allegations made by Plaintiff in this lawsuit.

3. Plaintiff and Defendants (collectively the "Parties") hereby enter into this Consent Decree and Order for the purpose of resolving injunctive relief issues in this lawsuit without the need for protracted litigation.

**JURISDICTION:**

4. The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; California Business and Professions Code sections 17200 *et seq.* and 17500 *et seq.*; Title 24, California Code of Regulations; and California Civil Code sections 51, 52, 54, 54.1, and 54.3.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

## SETTLEMENT OF INJUNCTIVE RELIEF:

5. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's injunctive relief claims against Defendants. The Parties agree that there is no admission or finding of liability, guilt or violation of the law, and that this Consent Decree and Order should be not be construed as such.

6. The Parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and the Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

    a) **Remedial Measures:** Defendants shall perform the following remedial work pursuant to ADAAG and Title 24 at the Subject Property:

Parking Lot
- a. Install wheel stops to prevent encroachment of cars over the required width of walkways.
- b. Restripe parking area so that each parking stall is at least 18 feet in length.
- c. Provide blue border at the loading and unloading parking access aisle
- d. Rearrange parking spaces so ramps do not encroach into any accessible parking space or access aisle.
- e. Paint the words "No Parking" on the ground within each access aisle.
- f. Provide continued detectable warning (aka truncated domes) in all areas where walkway crosses or adjoins a vehicular way and the walking surfaces are not separated by curbs, railings or other elements between the pedestrian and vehicular areas.

Exit and Entry Doors
- a. Adjust all exit and entry doors so that they close in no less than 5 seconds.
- b. Anchor or replace door mats to eliminate tripping hazard.
- c. Provide California grade II Braille exit signs at latch side of door at all exit doors

Women's Restroom

    a. Provide ADA approved contrasting signage on Restroom door to direct users to an accessible restroom.

    b. Provide California grade II tactile signage with Braille writing installed on the wall adjacent to the latch side of the door.

    c. Adjust door closer to allow door to close from a 90 degree open position to 3 in. from the latch in no less than 5 seconds.

Stairways and Steps

    a. Provide handrails on both sides of the stairway

    b. Ensure that the handrail gripping surface is 34 – 38 inches above the nosing of the treads.

    c. Extend handrails 12 inches beyond the top nosing and 12 inches plus the tread width beyond the bottom nosing.

    d. Install contrasting stripes on nose of the step or upper approach.

    e. Create a drain and pipe it under the concrete path to street to prevent water leakage that poses a slipping hazard by garbage/stair area.

    f. Cast new steps so that all risers are sloped at or at least 60 degrees from the horizontal.

b) **Timing of Injunctive Relief**: The work to be performed pursuant to this Consent Decree shall be completed by December 31, 2016. In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, Defendants or their counsel will notify Plaintiffs' counsel in writing within 30 days of discovering the delay. Plaintiffs will have thirty (30) days to investigate and meet and confer, and to approve the delay by stipulation or otherwise respond to Defendants' notice. Plaintiffs will not unreasonably withhold consent for a reasonable extension of time to complete remediation. If the Parties cannot reach agreement regarding the delay within an additional fifteen days, Plaintiffs may seek enforcement by the Court. Defendants or their counsel will notify Plaintiffs' counsel when the corrective work is completed.

    c) If Defendants fails to complete the corrective work on the agreed upon timetable, Plaintiff may file a motion with the Court to compel compliance with these terms only after first meeting and conferring in good faith with Defendants. Plaintiff reserves the right to seek reasonable attorneys' fees in connection with bringing such motion to compel compliance. Defendants reserve the right to oppose Plaintiffs' request for fee on the grounds that such fees are unnecessary, duplicative or otherwise not reasonable.

**DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:**

7. The Parties have reached a separate settlement agreement regarding Plaintiff's claim for damages, attorneys' fees, and litigation expenses.

**ENTIRE CONSENT DECREE AND ORDER:**

8. This Consent Decree and Order constitutes the entire agreement between the signing Parties with respect to injunctive relief and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters described herein.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

9. This Consent Decree and Order shall be binding on Plaintiff, Defendants, and any successors-in-interest. The Parties have a duty to so notify all such successors-in-interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

10. Plaintiff understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, she will incur, suffer, or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order applies to all such further loss by Plaintiff with respect to the lawsuit, except those caused by Defendants

subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, damages, and causes of action by Plaintiff subsequent to this Consent Decree with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

11. Except for all obligations required in this Consent Decree and Order Plaintiff forever releases and discharges Defendants, and each of them, and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, successors, assigns, and representatives of Defendants, from all claims, demands, actions, damages, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit or relating to the Subject Property.

**TERMINATION AND SATISFACTION:**

12. This Consent Decree and Order Shall be in full force and effect for a period of six months after the injunctive relief contemplated by this Order is completed. The Court shall retain jurisdiction of this action to enforce provisions of this Order during the aforementioned term.

**SEVERABILITY:**

13. If any term of this Consent Decree and Order is determined by anycourt to be unenforceable, the other terms of this Consent Decree and Order shallnonetheless remain in full force and effect.

**EXECUTION OF THIS CONSENT DECREE:**

14. This Consent Decree may be executed in counterpart signatures, and such signaturesmay be attached in counterparts, each of which shall be deemed an original, and which together shall

constitute one and the same instrument. Such counterparts may be signed as faxed signatures, which shall have the same force and effect as original signatures. The undersigned hereby consent to the foregoing Consent Decree.

Date: 6/20/2016            By: _____
                                SHELBY GAIL HEIFETZ

Date: _____       HEALTH & TASTE INVESTMENT GROUP, LLC, a
                            California limited liability company d/b/a THE ORIGINAL
                            PANCAKE HOUSE

                            By: _____

                            _____, as a duly authorized officer

Date: _____       RODRIGUES HOLDINGS, LLC, a California limited
                            liability company

                            By: _____

                            _____, as a duly authorized officer

Date: _____       By: _____
                                GARY E. RODRIGUES

Approved as to form:

Date: 06-22-16              By: _____
                                IRENE KARBELASHVILI,
                                Attorney for Plaintiff SHELBY GAIL HEIFETZ

constitute one and the same instrument. Such counterparts may be signed as faxed signatures, which shall have the same force and effect as original signatures. The undersigned hereby consent to the foregoing Consent Decree.

Date: _____  By: _____
                                          SHELBY GAIL HEIFETZ

Date: 6/21/16

HEALTH & TASTE INVESTMENT GROUP, LLC, a California limited liability company d/b/a THE ORIGINAL PANCAKE HOUSE

By: _____

K.T. Coung, as a duly authorized officer

Date: _____

RODRIGUES HOLDINGS, LLC, a California limited liability company

By: _____

_____, as a duly authorized officer

Date: _____  By: _____
                                          GARY E. RODRIGUES

Approved as to form:

Date: _____  By: _____
                                          IRENE KARBELASHVILI,
                                          Attorney for Plaintiff SHELBY GAIL HEIFETZ

constitute one and the same instrument. Such counterparts may be signed as faxed signatures, which shall have the same force and effect as original signatures. The undersigned hereby consent to the foregoing Consent Decree.

Date: _____         By: _____
                                  SHELBY GAIL HEIFETZ


Date: _____         HEALTH & TASTE INVESTMENT GROUP, LLC, a
                              California limited liability company d/b/a THE ORIGINAL
                              PANCAKE HOUSE

                              By: _____

                              _____, as a duly authorized officer


Date: 22 JUN 16              RODRIGUES HOLDINGS, LLC, a California limited
                              liability company

                              By: [signature]

                              PRESIDENT, as a duly authorized officer


Date: 22 JUN 16              By: [signature]
                                  GARY E. RODRIGUES


Approved as to form:

Date: _____         By: _____
                                  IRENE KARBELASHVILI,
                                  Attorney for Plaintiff SHELBY GAIL HEIFETZ

CONSENT DECREE AND [PROPOSED] ORDER; Case No. 4:15-cv-01780-KAW

Page 7 of 8

Date: 6/22/16               By: _____
                                BRIAN K. NAGATANI,
                                Attorney for Defendant HEALTH & TASTE
                                INVESTMENT GROUP, LLC


Date: _____       By: _____
                                NEIL T. MEDEIROS
                                Attorney for Defendants RODRIGUES
                                HOLDINGS, LLC and GARY E. RODRIGUES


**ORDER**

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED.**

Dated: _____      _____
                            Honorable Kandis A. Westmore
                            United States Magistrate Judge

Date: _____   By: _____
BRIAN K. NAGATANI,
Attorney for Defendant HEALTH & TASTE
INVESTMENT GROUP, LLC

Date: 6-23-2016   By: _____
NEIL T. MEDEIROS
Attorney for Defendants RODRIGUES
HOLDINGS, LLC and GARY E. RODRIGUES

## ORDER

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED.**

Dated: 7/20/16   _____
Honorable Kandis A. Westmore
United States Magistrate Judge